UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHRITA KINNEY

    Plaintiffs,

v.                                      Case No. 10-14084

JERMAINE MIMS, AVA ROBY,
CAROLYN J. WILSON,                HONORABLE AVERN COHN

    Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED
IN FORMA PAUPERIS, DISMISSING COMPLAINT AS FRIVOLOUS, AND
DENYING PLAINTIFFS' APPLICATION
FOR APPOINTMENT OF COUNSEL AS MOOT**

I.

Plaintiff Shrita Kinney, proceeding pro se, has filed a complaint naming Jermaine Mims, Ava Roby, and Carolyn J. Wilson as defendants.

Plaintiff seeks to proceed in forma pauperis. She also seeks the appointment of counsel. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the Court shall dismiss the complaint under 28 U.S.C. § 1915(e)(2).

II.

The screening procedures § 1915 establishes apply to complaints filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines

that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or that the complaint seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where is lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

The Court has read the complaint. From what can be gleaned, plaintiff says that defendants, who appear to be employees of the Michigan Department of Corrections as parole officers or agents, conspired to violate her husband's civil rights and deprived him of due process pertaining to parole revocation proceedings. Plaintiff says as a result of her husband's parole being revoked, she has suffered physically and emotionally. She seeks compensatory damages and punitive damages.

The Court can discern no claim that has an arguable basis in law. Particularly, although plaintiff says she has been injured, the thrust of the complaint is aimed at defendants' alleged actions against her husband. Indeed, attached to the complaint are what appear to be plaintiff's husband's grievance communications. Plaintiff's husband, however, is not a named plaintiff nor can plaintiff act on his behalf. See, e.g., Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("pro se" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause); Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer ."). Should plaintiff's husband wish to sue defendants for violation of his constitutional rights, he must do so himself.

2

III.

Accordingly, for the reasons stated above, the complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2) because it fails to set forth an arguable claim.  Plaintiff's Application for Appointment of Counsel is DENIED AS MOOT.  In light of this disposition, the Court certifies that any appeal also would be frivolous.  28 U.S.C. § 1915(a)(3).

SO ORDERED.


   S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 20, 2010


I hereby certify that a copy of the foregoing document was mailed to
Shrita Kinney
358 W. Bennett
Ferndale, MI 48220

and the attorneys of record on this date, October 20, 2010, by electronic and/or ordinary mail.

   S/Michael Williams
Relief Case Manager, (313) 234-5160